| | |
|---|---|
| SULLIVAN HILL LEWIN REZ & ENGEL<br>A Professional Law Corporation<br>  James P. Hill, SBN 90478<br>  Gary B. Rudolph, SBN 101921<br>  Kathryn A. Healy, SBN 279602<br>550 West "C" Street, Suite 1500<br>San Diego, California 92101<br>Telephone:  (619) 233-4100<br>Fax Number: (619) 231-4372 | **Electronically Filed: 05/08/18** |

Attorneys for Plaintiff, Richard M Kipperman, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>WILLIAM FRANCIS SLATTERY, JR.,<br><br>                Debtor.<br>_____<br>RICHARD M KIPPERMAN,<br>CHAPTER 7 TRUSTEE,<br><br>                Plaintiff,<br><br>v.<br><br>MARK MAIDA,<br><br>                Defendant, | CASE NO. 13-03755-MM7<br><br>Chapter 7<br><br>ADV. NO.<br><br>**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND UNAUTHORIZED POST-PETITION TRANSFERS AND TO AVOID AND RECOVER FRAUDULENT TRANSFERS**<br><br><br><br>Dept.: 1, Rm. 218<br>      Hon. Margaret M. Mann |

Comes now Plaintiff Richard M Kipperman, the Chapter 7 Trustee ("Plaintiff" or "Trustee") of the above-referenced bankruptcy estate of William Francis Slattery, Jr. ("Debtor" or "Slattery"), and alleges as follows:

/ / /

/ / /

/ / /

/ / /

395476-v2

- 1 -

# I.

# PARTIES

1. On April 12, 2013 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code")[1] in the U.S. Bankruptcy Court for the Southern District of California ("Court"), initiating the Chapter 7 case <u>In re William Francis Slattery, Jr.</u>, Case No. 13-03755-MM7 ("Bankruptcy Case"). That same date, Richard M Kipperman was appointed as Chapter 7 Trustee of the Debtor's Chapter 7 estate ("Estate").

2. Plaintiff is informed and believes and thereon alleges that defendant Mark Maida ("Maida") is an individual who at all times mentioned herein was a resident of the State of California.

# II.

# JURISDICTION

3. This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§157, 1334 and 2201 as well as General Order 312-E of the U.S. District Court for the Southern District of California. This action is commenced pursuant to Sections 542, 547, 548, 549, 550, and 551; 28 U.S.C. § 2201(a); California Civil Code §§ 3439.04(a), 3439.05(a), 3439.07, and 3439.08; and Rules 7001(1) and (9).

4. This Court may hear and determine the instant proceeding and enter appropriate orders and judgments pursuant to 28 U.S.C. § 157(b)(1) and (2). This proceeding relates to the Bankruptcy Case and is a core proceeding as set forth in 28 U.S.C. §157(b)(1) and (2)(A)(E)(F)(H) and (O) in that it seeks to, among other things, (a) avoid a prepetition transfer of Estate property, which affects the administration and liquidation of assets of the Estate; (b) avoid preferential, fraudulent, and/or voidable transfers; and (c) obtain an accounting and turnover of property of the Estate.

---

[1] Unless otherwise indicated, all "Chapter" and "Section" references are to the Bankruptcy Code and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

395476-v2                                            - 2 -

5.      Pursuant to Rule 7008, Plaintiff hereby consents to the entry of final orders or judgment by the Court.

6.      Pursuant to Local Bankruptcy Rule 7008-1, if the Court determines this proceeding is a core proceeding, Plaintiff hereby consents to the entry of final orders or judgment by the Court.

## III.

## GENERAL ALLEGATIONS

7.      On October 10, 2013, one of the Debtor's creditors, M-Squared LLP ("M2"), filed a complaint against the Debtor to determine dischargeability of debt and for a denial of discharge, initiating the adversary proceeding M-Squared LLP v. Slattery, Adv. No. 13-90255 ("M2 case"). On June 28 and 29, 2016, a trial was held on the first portion of a bifurcated case as to M2's complaint for objection to discharge pursuant to Sections 727(a)(2)(A) and (B) and (a)(4). After the trial, on September 12, 2016, the Court entered extensive findings of fact and conclusions of law ("Findings") on the Sections 727(a)(2)(A) and (B) and (a)(4) claims in support of the denial of discharge. See the M2 case, ECF 206.  On October 14, 2016, the Court entered an order denying the Debtor a discharge. See the M2 case, ECF 208.

8.      Plaintiff is informed and believes and thereon alleges that Gregory Grosslight ("Grosslight"), the Debtor's longtime friend, served as a conduit for funds exchanged in several transactions undisclosed by the Debtor in his bankruptcy papers, but uncovered in the M2 case. Plaintiff is informed and believes and thereon alleges that the Debtor used Grosslight as his conduit to shield his assets from creditors. Plaintiff is informed and believes and thereon alleges that Grosslight and the Debtor would make loans to one another as funding was needed, and Grosslight would send money and issue checks to payees in the amounts directed by the Debtor. Examples of such transactions designed to shield the Debtor's assets from creditors are set forth in the Court's Findings.

/ / /

9. Plaintiff is informed and believes and thereon alleges that one such payee receiving transfers from the Debtor through Grosslight was the Defendant.

10. Plaintiff is informed and believes and thereon alleges that there were at least two such transfers involving the Defendant, one occurring before the Petition Date and one occurring after the Petition Date.

11. Plaintiff is informed and believes and thereon alleges that on or about March 8, 2013, or otherwise with the 90 days immediately preceding the Petition Date, Grosslight paid the Defendant $120,000 by remitting a cashier's check to the Defendant in the amount of $120,000 (the "$120,000 Transfer").

12. Plaintiff is informed and believes and thereon alleges that after the Petition Date, Grosslight paid the Defendant $100,000 by remitting a cashier's check to the Defendant in the amount of $100,000 (the "$100,000 Transfer").

13. Plaintiff is informed and believes and thereon alleges that Grosslight made $120,000 Transfer and $100,000 Transfer at the Debtor's direction.

14. Plaintiff is informed and believes and thereon alleges that the $120,000 and $100,000 amounts transferred from Grosslight to the Defendant were (1) monies that Grosslight received from the Debtor; and (2) monies owed back to the Debtor. In that regard, the monies transferred were property of the Debtor.

## IV.

## FIRST CLAIM FOR RELIEF

### (To Avoid and Recover Preferential Transfer)

15. Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 14, inclusive, as though fully set forth herein.

16. Plaintiff is informed and believes and thereon alleges that prior to the $120,000 Transfer, Grosslight owed the Debtor $120,000 for funds the Debtor had previously transferred to Grosslight.

17. Plaintiff is informed and believes and thereon alleges that the $120,000 Transfer was for or on account of antecedent debt owed by the Debtor before such

transfer was made, as defined in Section 547.

18. Plaintiff is informed and believes and thereon alleges that the $120,000 Transfer was made while the Debtor was insolvent.

19. Plaintiff is informed and believes and thereon alleges the $120,000 Transfer occurred within the preference period as defined in Section 547.

20. Plaintiff is informed and believes and thereon alleges that the $120,000 Transfer enabled the Defendant to receive more from the Estate than he would receive as a creditor if (a) the Bankruptcy Case were a case under Chapter 7, (b) the transfer had not been made, and (c) the Defendant received payment of such debt to the extent provided for by the provisions of the Bankruptcy Code.

21. Plaintiff is informed and believes and thereon alleges that other payments or transfers may have been made to the Defendant, directly or indirectly from the Debtor, within the 90 days immediately preceding the Petition Date. Such payments or transfers are unknown to Plaintiff at this time and Plaintiff will amend his complaint to reflect such transfers at such time as the information becomes available to him.

22. Pursuant to Section 550(a), to the extent that a transfer is avoidable under Section 547, Plaintiff may recover the value of the property transferred from the initial transferee of such transfer, or the entity for whose benefit the transfer is made, or any immediate or mediate transferee of such initial transferee.

## V.

## SECOND CLAIM FOR RELIEF

**(To Avoid and Recover Fraudulent Transfer)**

23. Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 14, inclusive, as though fully set forth herein.

24. Plaintiff is informed and believes and thereon alleges that the Debtor received less than a reasonably equivalent value in exchange for the $120,000 Transfer.

395476-v2                          - 5 -

25.     Plaintiff is informed and believes and thereon alleges that the Debtor made the $120,000 Transfer while he was insolvent or he became insolvent as a result of such $120,000 Transfer.

26.     Plaintiff is informed and believes and thereon alleges that, at the time of the $120,000 Transfer, the Debtor was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

27.     Plaintiff is informed and believes and thereon alleges that, at the time of the $120,000 Transfer, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

28.     By reason of the foregoing, the Plaintiff may avoid the $120,000 Transfer pursuant to Section 548(a)(1)(B).

29.     Plaintiff is informed and believes and thereon alleges that other payments or transfers may have been made to the Defendant, directly or indirectly from the Debtor, within the two years immediately preceding the Petition Date. Such payments or transfers are unknown to Plaintiff at this time and Plaintiff will amend his complaint to reflect such transfers at such time as the information becomes available to him.

30.     Plaintiff may recover damages on account of the transfers plus interest thereon at the maximum legal rate under Section 550.

## VI.

## THIRD CLAIM FOR RELIEF

### (To Avoid and Recover Voidable Transfer)

31.     Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 14, inclusive, and paragraphs 24 through 30, inclusive, as though fully set forth herein.

32.     Plaintiff may avoid the $120,000 Transfer pursuant to Section 544(b) and California Civil Code §§ 3439.04(a)(2) and 3439.07.

33. Plaintiff is informed and believes and thereon alleges that other payments or transfers may have been made to the Defendant, directly or indirectly from the Debtor, within the four years immediately preceding the Petition Date. Such payments or transfers are unknown to Plaintiff at this time and Plaintiff will amend his complaint to reflect such transfers at such time as the information becomes available to him.

34. Plaintiff may recover damages on account of the transfers plus interest thereon at the maximum legal rate under Section 550 and California Civil Code § 3439.08.

## VII.

## FOURTH CLAIM FOR RELIEF

### (To Avoid and Recover Fraudulent Transfer)

35. Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 14, inclusive, paragraphs 24 through 30, inclusive, and paragraphs 32 through 34, inclusive, as though fully set forth herein.

36. Plaintiff is informed and believes and thereon alleges that the Debtor caused the $120,000 Transfer with actual intent to hinder, delay, or defraud M2 and/or other entities to which he was or became, on or after the date that such $120,000 Transfer was made, indebted.

37. Plaintiff is informed and believes and thereon alleges that prior to the $120,000 Transfer, on January 10, 2011, at M2's request, the San Diego Superior Court entered a money judgment against the Debtor in Case No. 37-2008-00100995-CU-BC-NC, which confirmed an arbitration award ("Arbitration Award") in favor of M2 in the amount of $1,340,994. The Arbitration Award is final.

38. Plaintiff is informed and believes and thereon alleges that at the time of the $120,000 Transfer, M2's Arbitration Award had not been satisfied.

39. Plaintiff is informed and believes and thereon alleges that Debtor undertook a series of prepetition and postpetition actions to hinder, delay, and defraud

M2's efforts to collect on the Arbitration Award, by hiding his assets, including the $120,000 of funds transferred to the Defendant through Grosslight.

40. Plaintiff is informed and believes and thereon alleges that, to enable the concealment of his assets, the Debtor made a number of false oaths in connection with his Bankruptcy Case, and then took a series of actions postpetition to further conceal his assets.

41. Plaintiff is informed and believes and thereon alleges that the Debtor's fraudulent intent is demonstrated in part by the Debtor's failure to disclose in his original bankruptcy Statement of Financial Affairs Nos. 3 and/or 7 the $120,000 Transfer.

42. Plaintiff is informed and believes and thereon alleges that the Debtor's fraudulent intent is also demonstrated in part by other inaccurate and/or incomplete disclosures in his bankruptcy Schedules, Statement of Financial Affairs, and 341a Questionnaire. The nondisclosures hid the Debtor's property interests, including, but not limited to, his interest in real property located at 6783 Heath Court, Carlsbad, CA 92011and 15 W. Fairchild, Afton WY 83110.

43. As set forth in paragraph 8, Plaintiff is informed and believes and thereon alleges that the Debtor used Grosslight as a conduit for funds to shield the Debtor's assets from creditors. Plaintiff is informed and believes and thereon alleges that, further demonstrating the Debtor's fraudulent intent, many of the payees receiving funds through Grosslight included entities over whom Debtor exercised substantial control or otherwise were insiders of the Debtor, including the Foster Schuler Declaration of Trust dated August 19, 1981, BSlattery Real Estate Holdings, Inc., Terry Slattery, and Sophie Scarlett, LLC.

44. By reason of the foregoing, the Plaintiff may avoid the $120,000 Transfer pursuant to Section 548(a)(1)(A).

45. Plaintiff is informed and believes and thereon alleges that other payments or transfers may have been made to the Defendant, directly or indirectly from the

1  Debtor, within the two years immediately preceding the Petition Date.  Such payments
2  or transfers are unknown to Plaintiff at this time and Plaintiff will amend his
3  complaint to reflect such transfers at such time as the information becomes available
4  to him.

5      46.    Plaintiff may recover damages on account of the transfers plus interest
6  thereon at the maximum legal rate under Section 550.

## VIII.

## FIFTH CLAIM FOR RELIEF

### (To Avoid and Recover Voidable Transfer)

47.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 14, inclusive, paragraphs 24 through 30, inclusive, paragraphs 32 through 34, inclusive, and paragraphs 36 through 46, inclusive, as though fully set forth herein.

48.    Plaintiff may avoid the $120,000 Transfer pursuant to Section 544(b) and California Civil Code §§ 3439.04(a)(1) and 3439.07.

49.    Plaintiff is informed and believes and thereon alleges that other payments or transfers may have been made to the Defendant, directly or indirectly from the Debtor, within the four years immediately preceding the Petition Date.  Such payments or transfers are unknown to Plaintiff at this time and Plaintiff will amend his complaint to reflect such transfers at such time as the information becomes available to him.

50.    Plaintiff may recover damages on account of the transfers plus interest thereon at the maximum legal rate under Section 550 and California Civil Code § 3439.08.

## IX.

## SIXTH CLAIM FOR RELIEF

### (To Avoid and Recover Voidable Transfer)

51.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 14, inclusive, paragraphs 24 through 30, inclusive, paragraphs 32 through 34,

1  inclusive, paragraphs 36 through 46, inclusive, and paragraphs 48 through 50,
2  inclusive, as though fully set forth herein.

3      52.    Plaintiff may avoid the $120,000 Transfer pursuant to Section 544(b) and
4  California Civil Code §§ 3439.05(a) and 3439.07.

5      53.    Plaintiff is informed and believes and thereon alleges that other payments
6  or transfers may have been made to the Defendant, directly or indirectly from the
7  Debtor, within the four years immediately preceding the Petition Date.  Such
8  payments or transfers are unknown to Plaintiff at this time and Plaintiff will amend his
9  complaint to reflect such transfers at such time as the information becomes available
10 to him.

11     54.    Plaintiff may recover damages on account of the transfers plus interest
12 thereon at the maximum legal rate under Section 550 and California Civil Code §
13 3439.08.

## X.

## SEVENTH CLAIM FOR RELIEF

### (To Avoid and Recover Unauthorized Postpetition Transfer)

17     55.    Plaintiff incorporates herein by reference the allegations in paragraphs 1
18 through 14, inclusive, as though fully set forth herein.

19     56.    Plaintiff is informed and believes and thereon alleges that the $100,000
20 Transfer constituted a transfer of property of the Estate.

21     57.    Plaintiff is informed and believes and thereon alleges that the $100,000
22 Transfer occurred without authorization by this Court or under the Bankruptcy Code.

23     58.    Plaintiff is informed and believes and thereon alleges that the $100,000
24 Transfer occurred without the receipt of any value, including services, after the
25 commencement of the Bankruptcy Case in exchange for such transfer.

26     59.    Plaintiff is informed and believes and thereon alleges that other payments
27 or transfers may have been made to the Defendant, directly or indirectly from the
28 Debtor, after the commencement of the Bankruptcy Case without the receipt of any

value, including services, after the commencement of the bankruptcy case in exchange for such transfer.  Such payments or transfers are unknown to Plaintiff at this time and Plaintiff will amend his complaint to reflect such transfers at such time as the information becomes available to him.

60. Pursuant to Section 549, Plaintiff may avoid the $100,000 Transfer.

61. Pursuant to Section 550(a), to the extent that a transfer is avoidable under Section 549, Plaintiff may recover the value of the property transferred from the initial transferee of such transfer, or the entity for whose benefit the transfer is made, or any immediate or mediate transferee of such initial transferee.

## XI.

## **EIGHTH CLAIM FOR RELIEF**

### (For Turnover of Property of the Estate)

62. Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 14, inclusive, paragraphs 24 through 30, inclusive, paragraphs 32 through 34, inclusive, paragraphs 36 through 46, inclusive, paragraphs 48 through 50, inclusive, paragraphs 52 through 54, inclusive, and paragraphs 56 through 61, inclusive, as though fully set forth herein.

63. Plaintiff is informed and believes and thereon alleges that Defendant received the $100,000 and $120,000 Transferred, and has an affirmative duty to turn over to Plaintiff such sums transferred.

64. Section 542(a) provides:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

65. Plaintiff is informed and believes and thereon alleges that Defendant is not a custodian, as such term is defined in Section 101(11).

///

395476-v2                                            - 11 -

66.     Plaintiff is informed and believes and thereon alleges that Defendant is in possession of the 100,000 and $120,000 Transferred.

67.     Plaintiff is informed and believes and thereon alleges that the $100,000 and $120,000 Transferred is property of the Estate pursuant to Section 541.

68.     Plaintiff is informed and believes and thereon alleges that the $100,000 and $120,000 Transferred is property that Plaintiff, as Chapter 7 Trustee of the Estate, may use, sell, or lease under Section 363.

69.     Plaintiff is informed and believes and thereon alleges that the $100,000 and $120,000 Transferred is of consequential value or benefit to the Estate.

70.     Defendants has failed or refused to turn over the Plaintiff $100,000 plus $120,000 to Plaintiff, and should be ordered to do so.

## XII.

## PRAYER

WHEREFORE, Plaintiff respectfully requests the entry of judgment as follows:

1.  For the First Claim for Relief (To Avoid and Recover Preferential Transfer):

    a.  For a determination that the $120,000 Transfer may be avoided and for recovery from Defendant, the entity for whose benefit the transfers were made, or any immediate or mediate transferee of Defendant, of the property transferred or the value of such property, in the amount of $120,000, together with interest as allowed by law from the date of the transfer;

    b.  For reasonable attorneys' fees and costs incurred herein; and

    c.  For such other and further relief as this Court may deem just and proper.

2.  For the Second Claim for Relief (To Avoid and Recover Fraudulent Transfer):

/ / /

    a.    For a determination that the $120,000 Transfer may be avoided and for recovery from Defendant, the entity for whose benefit the transfers were made, or any immediate or mediate transferee of Defendant, of the property transferred or the value of such property, in the amount of $120,000, together with interest as allowed by law from the date of each transfer;

    b.    For reasonable attorneys' fees and costs incurred herein; and

    c.    For such other and further relief as this Court may deem just and proper.

3.    For the Third Claim for Relief (To Avoid and Recover Voidable Transfer):

    a.    For a determination that the $120,000 Transfer may be avoided and for recovery from Defendant, the entity for whose benefit the transfers were made, or any immediate or mediate transferee of Defendant, of the property transferred or the value of such property, in the amount of $120,000, together with interest as allowed by law from the date of each transfer;

    b.    For reasonable attorneys' fees and costs incurred herein; and

    c.    For such other and further relief as this Court may deem just and proper.

4.    For the Fourth Claim for Relief (To Avoid and Recover Fraudulent Transfer):

    a.    For a determination that the $120,000 Transfer may be avoided and for recovery from Defendant, the entity for whose benefit the transfers were made, or any immediate or mediate transferee of Defendant, of the property transferred or the value of such property, in the amount of $120,000, together with interest as allowed by law from the date of each transfer;

        b.      For reasonable attorneys' fees and costs incurred herein; and

        c.      For such other and further relief as this Court may deem just and proper.

5.    For the Fifth Claim for Relief (To Avoid and Recover Voidable Transfer):

        a.      For a determination that the $120,000 Transfer may be avoided and for recovery from Defendant, the entity for whose benefit the transfers were made, or any immediate or mediate transferee of Defendant, of the property transferred or the value of such property, in the amount of $120,000, together with interest as allowed by law from the date of each transfer;

        b.      For reasonable attorneys' fees and costs incurred herein; and

        c.      For such other and further relief as this Court may deem just and proper.

6.    For the Sixth Claim for Relief (To Avoid and Recover Voidable Transfer):

        a.      For a determination that the $120,000 Transfer may be avoided and for recovery from Defendant, the entity for whose benefit the transfers were made, or any immediate or mediate transferee of Defendant, of the property transferred or the value of such property, in the amount of $120,000, together with interest as allowed by law from the date of each transfer;

        b.      For reasonable attorneys' fees and costs incurred herein; and

        c.      For such other and further relief as this Court may deem just and proper.

7.    For the Seventh Claim for Relief (To Avoid and Recover Unauthorized Transfer):

        a.      For a determination that the $100,000 Transfer may be avoided and for recovery from Defendant, the entity for whose benefit the transfers were made, or any immediate or mediate transferee of

|   |   |   |
|---|---|---|
| 1 | | Defendant, of the property transferred or the value of such |
| 2 | | property, in the amount of $100,000, together with interest as |
| 3 | | allowed by law from the date of each transfer; |
| 4 | b. | For reasonable attorneys' fees and costs incurred herein; and |
| 5 | c. | For such other and further relief as this Court may deem just and |
| 6 | | proper. |
| 7 | 8. | For the Eighth Claim for Relief (For Turnover of Property of the Estate): |
| 8 | a. | For an order requiring Defendant to turn over the $100,000 and |
| 9 | | $120,000 Transferred funds to Plaintiff to administer for the |
| 10 | | benefit of the Estate; |
| 11 | b. | That Plaintiff be awarded reasonable attorney fees and costs of |
| 12 | | suit; and |
| 13 | c. | For such other relief as the Court deems necessary and proper. |

Dated: May 8, 2018

SULLIVAN HILL LEWIN REZ & ENGEL
A Professional Law Corporation

By: _____/s/ Gary B. Rudolph_____
James P. Hill
Gary B. Rudolph
Kathryn A. Healy
Attorneys for Plaintiff,
Richard M Kipperman, Chapter 7 Trustee

395476-v2

- 15 -